IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WAYNE A. BROMANN,** | 6:13-cv-01873- RE |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN,**<br>Acting Commissioner of Social Security, | |
| Defendant. | |

**REDDEN**, Judge:

Plaintiff Wayne Bromann brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Disability Insurance Benefits and Social Security Income benefits under Titles II and XVI of the Social Security Act. For the reasons set forth below, the decision of the Commissioner is reversed and this matter is remanded for further administrative proceedings.

1 - OPINION AND ORDER

## BACKGROUND

Bromann filed his applications in March 2011, alleging disability since November 2007, due to "bulging disc, back injury/Retrolisthesis of L4 on L5, back injury/anterior wedging at T12 & L1, right shoulder arthritis with bone spur, high cholesterol, high blood pressure, and colitis inflammation." Tr. 177. Born in 1964, Bromann was 43 years old on his alleged onset date. His application was denied initially and upon reconsideration. A hearing was held on April 5, 2012. Tr. 23-59. The Administrative Law Judge ("ALJ") found him not disabled. Bromann's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Bromann had the medically determinable severe impairments of degenerative disc disease of the lumbar and cervical spine, degenerative joint disease of the right shoulder, and obesity. Tr. 12. The ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2011. *Id.*

The ALJ found that Bromann's impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. *Id.*

The ALJ determined that Bromann retained the residual functional capacity ("RFC") to perform a limited range of light work and is able to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently, sit for six hours and stand and/or walk for six hours in an eight hour day, with the ability to change position between sitting and standing every fifteen minutes. Tr. 14. The ALJ found Bromann is limited to no more than occasional pulling and overhead reaching with his right upper extremity, and is unable to perform forward reaching with

his right upper extremity, involving more than a 45 degree angle from the resting position adjacent to his body, and should perform no more than occasional forward reaching within this limitation. Tr. 14-15. He found Plaintiff has no limitation with his left upper extremity, and is not limited in his ability to handle, finger, or feel. Tr. 15. The ALJ found Plaintiff I limited to occasional stooping, kneeling, crouching, and climbing stairs, ramps, ladders, ropes or scaffolds. The ALJ found Plaintiff should avoid concentrated exposure to vibration, and, because of pain, he will be distracted and off task up to 5 percent of the time. *Id.*

At step five, the ALJ found Bromann was unable to perform his past relevant work as a care giver, hand packer, and construction worker, but was capable of performing other work that exists in significant numbers in the national economy, including storage facility rental clerk, electronics worker, and routing clerk. Tr. 17.

Bromann argues that the ALJ erred by: (1) finding him not fully credible; (2) failing to properly consider the medical evidence; (3) failing to prove he retains the ability to perform other work in the national economy.

## MEDICAL EVIDENCE AND TESTIMONY

## DISCUSSION

### I. Credibility

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). Unless there is affirmative evidence showing that the claimant

3 - OPINION AND ORDER

is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Id.* The ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Reddick,* 157 F.3d at 724. *See also Holohan v. Massinari,* 246 F.3d 1195, 1208 (9th Cir. 2001). General findings (e.g., "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick* at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

In deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." [Footnote omitted.] *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged...." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423 (d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant: (1) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

The ALJ found Plaintiff's medically determinable impairments could be expected to cause some of the alleged symptoms, but that his statements regarding the intensity, persistence,

and limiting effects of those symptoms were not credible to the extent they are inconsistent with the residual functional capacity finding. Tr. 15.

The ALJ found there was no medical evidence as of Plaintiff's alleged onset date of November 1, 2007, and no evidence of gait problems or other abnormalities in the early treatment records. Tr. 15. Plaintiff agrees that there is no medical evidence of treatment for his back condition until November 2010. Tr. 279. At that time, Plaintiff reported to his provider that he had recently become covered under the Oregon Health Plan and requested an orthopedic evaluation for chronic back pain for the last six years. *Id.* The absence of treatment between the alleged onset date and November 2010 is not a basis to find Plaintiff not credible.

The Commissioner argues the ALJ's credibility finding is supported by evidence Plaintiff sought medical care for other conditions before November 2010 and those records were "largely silent" regarding back pain. Defendant's Brief at 5. On May 5, 2008, treating provider Anthony Baldacci, A.N.P., noted chronic back pain and examination revealed full range of motion without pain, no tenderness, no spasm, and no curvature. Tr. 348. On January 8, 2009, Baldacci noted chronic back pain. Tr. 345. On September 30, 2009, Baldacci noted chronic back pain and treated Plaintiff for acute bronchitis. Tr. 271. On April 11, 2010, Baldacci noted chronic back pain, with normal gait and station. Tr. 274. On November 27, 2010, Plaintiff requested a referral for chronic back pain for the past six years. Tr. 278. Lumbar spine x-rays taken on November 28, 2010, showed "slight retrolisthesis of L4 on L5. Mild disc degenerative changes and some small osteophytes are seen. There appears to be minimal anterior wedging at T12 and L1." Tr. 246. The Commissioner notes that an ALJ may reasonably rely on a failure to report symptoms to health care providers, especially when seeking treatment for other conditions, to

5 - OPINION AND ORDER

find a claimant not credible. *Greger v. Barnhart,* 464 F.3d 968, 972 (9th Cir. 2006). However, on this record, Plaintiff did report back pain and the ALJ could not rely on a failure to report symptoms as a reason to find Plaintiff less than fully credible.

The ALJ found the evidence did not support a finding of disability, stating "the claimant's impairments can be expected to cause some symptoms and limitations, the objective medical evidence shows the claimant retains the residual functional capacity for a reduced range of light work...." Tr. 15. The ALJ cited the February 2011 examination by orthopaedist Jeffery K. Bert, M.D. Tr. 251-52. Plaintiff reported back pain for the past five years at a level of eight or nine out of ten. Dr. Bert noted Plaintiff did a volunteer driving job for 24 hours a week, but Plaintiff stated he was unable to work because of the pain. Dr. Bert wrote Plaintiff "considers his occupation disability." Tr. 251. Dr. Bert noted Plaintiff "rises slowly," but could bend fully in flexion, extension and side-bending. Tr. 252. Dr. Bert stated x-rays (presumably the November 2011 x-rays) are "entirely normal," and found no obvious abnormality on examination or x-ray. *Id.* Dr. Bert opined that therapy would help considerably as Plaintiff was quite deconditioned, and Dr. Bert did "not see any reason why he could not be working at this point." *Ibid*

Plaintiff contends the ALJ's reliance on Dr. Bert's opinion was improper because the ALJ ignored Dr. Kitchel's contrary May and June 2011 findings. On April 2, 2011, during a follow up visit with treating provider Baldacci for a colonoscopy, Plaintiff requested a referral for a second opinion regarding his back pain. Tr. 298. Scott Kitchel, M.D.,an orthopedist, examined Plaintiff on May 12, 2011. Tr. 258-61. Plaintiff reported ongoing low back pain with radiation into the left leg, exacerbated by exercise, sitting, standing, or bending. Dr. Kitchel noticed a flattened lumbar contour and moderate tenderness. His impression was lumbar disc degenerative

disease and lumbar radiculitis, and he ordered an MRI. Tr. 261. A May 12, 2011 x-ray showed multilevel lumbar disc degenerative disease, with disc height collapse and facet joint arthrosis. A June 2011 MRI showed retrolisthesis at L4 on L5 and L5 on S1, "significant disc degeneration as well as S1 nerve root compression. I think that is the origin of his pain." Tr. 418. Dr. Kitchel recommended surgical decompression and fusion.

The Commissioner argues that the ALJ's credibility finding was proper because of the direct contradiction between Dr. Bert's opinion and Plaintiff's statements about the severity and limitations of his condition.

The Commissioner argues the ALJ properly found Plaintiff's daily activities consistent with an ability to perform light exertional work. Plaintiff reported he prepares frozen food or soandwiches. Tr. 206. He does mowing and laundry, but needs help from a friend, and rests between activities. Tr. 207, 212. His primary activity is watching television. Tr. 208. He grocery shops for short periods because he cannot walk around for long. Tr. 42.

On this record, the ALJ failed to identify clear and convincing reasons to find Plaintiff less than fully credible as to his limitations. The ALJ's credibility determination is not supported by substantial evidence.

## II. The Medical Evidence

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician.

7 - OPINION AND ORDER

*Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

"[T] opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist." *Smolen v. Chater,* 80 F.3d 1273, 1285 (9ith Cir. 1996)(*citing* 20 C.F.R. § 404.1527(d)(5)).

The Commissioner aruges that Dr. Kitchel found some normal findings, as in gait and heel and toe walking, but admits Plaintiff demonstrated neurologic abnormalities. The Commissioner argues Dr. Kitchel did not recommend surgery until April 2012. However, Dr. Kitchel first recommended surgery in June 2011. Tr. 418. The ALJ appears to have misread the record in the same way as the Commissioner. Tr.16. The ALJ failed to identify specific and legitimate reasons for discrediting Dr. Kitchel's opinion in favor of Dr. Bert's opinion.

Accordingly, on this record, the ALJ's evaluation of Dr. Kitchel's opinion was not supported by substantial evidence.

### III. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel,* 211 F.3d 172, 1178 (9th Cir. 2000), *cert. denied,* 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138-

39 (9th Cir. 2011)(quoting *Benecke v. Barnhart,* 379 F.3d 587, 593 (9th Cir. 2004)). The court may not award benefits punitively, and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart,* 340 F.3d 871, 876 (citing *Bunnell v. Sullivan,* 947 F.2d 871(9th Cir. 2003)(en banc)). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue,* 623 F.3d 1032, 1035 (9th Cir. 2010).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The ALJ's failure to assess Dr. Kitchel's opinion is erroneous for the reasons set out above. However, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if such evidence were credited as Dr. Kitchel did not assess Plaintiff's functional limitations. Outstanding issues must be resolved before a determination of disability can be made.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner pursuant to Sentence Four, 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order

IT IS SO ORDERED.

Dated this _5_ day of December, 2014.

JAMES A. REDDEN
United States District Judge